IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VENTURI JET SETS, INC.,<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>CUSTOM MOLDED PRODUCTS, INC.,<br><br>Defendant and Counterclaim Plaintiff. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:13-CV-01031-JNP-EJF<br><br>District Judge Jill N. Parrish |

On July 27, 2016, the Court dismissed Plaintiff's claim for patent infringement because Plaintiff was not the owner of the patent at issue when it filed its lawsuit and therefore lacked standing to bring a claim of infringement (ECF No. 104). After a long period of minimal docket activity, the Court grew concerned that the case had stalled and that Plaintiff had failed to obtain counsel as previously ordered by the Court. On March 2, 2017, the Court ordered Plaintiff to show why its case should not be dismissed for failure to obtain counsel as previously ordered (ECF No. 115). In the same order, the Court required Defendant to inform the Court of its intent to pursue its existing counterclaims against Plaintiff. On March 16, 2017, Defendant responded, indicating that it did in fact intend to pursue its counterclaims against Plaintiff (ECF No. 116).

Despite Defendant's representations to the Court, it failed to move for any relief or otherwise pursue the counterclaims, and so the Court issued an order to show cause why the counterclaims should not be dismissed for failure to prosecute (ECF No. 118). That order also asked for briefing on the jurisdictional basis of Defendant's three counterclaims and why Plaintiff is the proper target of each counterclaim.

On July 7, 2017, Defendant responded (ECF No. 119). However, that response addresses only part of the Court's order. Defendant indicates that it no longer intends to pursue its first counterclaim and consents to its dismissal without prejudice. ECF No. 119 at 1. And Defendant maintains that the Court has jurisdiction over its remaining counterclaims. But instead of explaining its failure to prosecute the counterclaims as ordered, Defendant instead moves the Court to enter default judgment against Plaintiff.

Defendant failed to comply with the Court's order and has offered no explanation for its failure to prosecute its counterclaims. Federal Rule of Civil Procedure 41(a) provides that the Court may dismiss with prejudice for failure to prosecute or comply with a court order. Such a dismissal does not require a motion by the counterclaim defendant. *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). Therefore,

1. Defendant's first counterclaim is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.
2. Defendant's second and third counterclaims are DISMISSED WITHOUT PREJUDICE for failure to prosecute.
3. The parties shall bear their own fees and costs.

The clerk is directed to close the case.

Signed September 29, 2017

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge